# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Home Owners Management Services, Inc. and
Charles and Tracey Gundersen, individually;
Northern California ProHome, Inc. and Brenda P.
Roberts, individually; ProHome of North Texas, LLC
and Kim D. Jackson, individually; TMP and
Associates, Inc. and Michael Connor, individually;
The Warranty Team, LLC and Karen Erny and
James Kuhn, individually; Professional Home
Warranty Services, Inc. and Ronaye Boyle and
Irving Blank, individually; New Home Warranty
Management, Inc. and Steve Vining and Peter
Greenwood, individually,

Civil No. 04-2905 (DWF/AJB)

   Plaintiffs and Counter-Defendants,

v.

**MEMORANDUM
OPINION AND ORDER**

ProHome International, LLC; Pro Home, Inc.;
and Jack H. Salmans, Susan E. Salmans, and
Larry W. Johnson, individually,

   Defendants and Counter-Claimants.

_____

Marc G. Kurzman, Esq., Kurzman, Grant & Ojala, counsel for Plaintiffs and Counter-Defendants.

Amy Fellows Cline, Esq., James A. Walker, Esq., and Jerald W. Rogers, Esq., Triplett, Woolf & Garretson, LLC, and Peter J. Gleekel, Esq., Winthrop & Weinstine, PA, counsel for Defendants and Counter-Claimants.

_____

**INTRODUCTION**

Home Owners Management Services, Inc., and Charles and Tracey Gundersen, individually; Northern California ProHome, Inc. and Brenda P. Roberts, individually; ProHome of North Texas, LLC and Kim D. Jackson, individually; TMP and Associates, Inc. and Michael Connor, individually; The Warranty Team, LLC and Karen Erny and James Kuhn, individually; Professional Home Warranty Services, Inc. and Ronaye Boyle and Irving Blank, individually; New Home Warranty Management, Inc. and Steve Vining and Peter Greenwood, individually, (collectively, "Plaintiffs") commenced this action against ProHome International, LLC, Pro Home, Inc., and Jack H. Salmans, Susan E. Salmans, and Larry W. Johnson, individually, (collectively, "ProHome"), relating to alleged breaches of a settlement agreement.  This matter came before the Court on September 1, 2006, pursuant to Plaintiffs' Motion for Partial Summary Judgment and to Amend the Complaint and ProHome's Motion for Summary Judgment.  For the reasons set forth below, the Court denies Plaintiffs' and ProHome's Motions.

**BACKGROUND**

The relevant background is more fully described in the Court's November 22, 2004 Order.  Briefly, ProHome, Inc. was in the business of providing new home warranty and protection services for builders and homeowners.  ProHome, Inc. also entered into numerous franchise agreements as the franchisor with persons and business entities throughout the country to operate a builder's warranty management, callback, repair, renovation, remodeling, and maintenance-service business.

On October 10, 2001, Plaintiffs, a group of ProHome, Inc.'s franchisees, filed a lawsuit as a putative class action against ProHome, Inc. in the United States District Court, District of Minnesota, Civil No. 01-107 (DSD/JMM) (the "Settled Case"). On May 9, 2002, the parties entered into a settlement agreement (the "Agreement"). As a result of the Agreement, the Court dismissed the Settled Case.

Two months after the Agreement was signed and the Settled Case dismissed, ProHome International, LLC ("PHI"), a Nevada company, purchased the assets of ProHome, Inc. Today, PHI operates the franchised business. The individual defendants in this case were officers of ProHome, Inc. and are officers of PHI. Collectively, all defendants are referred to as "ProHome."

In June 2004, Plaintiffs commenced this action against ProHome, alleging breach of paragraphs 3(b) and 4(a) of the Agreement. In response, ProHome asserted ten counterclaims against Plaintiffs for breaches of various portions of the Agreement. Plaintiffs then filed a Motion for Partial Summary Judgment with respect to their 4(a) claim and to Amend the Complaint, and ProHome filed a Motion for Summary Judgment on both of Plaintiffs' claims.

## DISCUSSION

**I.     Summary Judgment**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences, which may be reasonably drawn from the

evidence, in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). As the United States Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## II.     Validity of Liquidated Damages Provision

Under Minnesota law,[1] a breach of contract claim consists of four elements: (1) a valid contract; (2) performance by plaintiff of any conditions precedent; (3) a material breach of the contract by defendant; and (4) damages. *Parkhill v. Minnesota Mut. Life Ins. Co.*, 174 F. Supp. 2d 951, 961 (D. Minn. 2000) (citing *Briggs Trans. Co. v. Ranzenberger*,

---

1      Minnesota law governs the Agreement. (Agreement ¶ 10.)

217 N.W.2d 198, 200 (Minn. 1974)). For the purposes of this Order only, the damages element is the only one in dispute.

Plaintiffs allege a breach of the de-identification provision of ¶ 4(a) of the Agreement. In relevant part, that provision provides:

> [I]n any franchise offering circular employed by [ProHome] after the Effective Dismissal Date, [ProHome] will insure that the settlement of this litigation is fully described in accordance with applicable law and shall include disclosures that [Plaintiffs] are no longer affiliated with [ProHome] and that [ProHome is] prohibited from competing in [Plaintiffs'] protected territory for two (2) years from the Effective Dismissal Date. *Violation of this provision shall subject the violator to liquidated damages in the amount of $5,000/day for each day of non-compliance and injunctive relief*. If an action is brought to enforce this provision[,] the prevailing party shall be entitled to its reasonable attorneys fees and costs incurred in connection with this action.

(Agreement ¶ 4(a) (emphasis added).)

With respect to their 4(a) claim, Plaintiffs seek summary judgment as to whether the liquidated damages provision is valid as a matter of law.[2] (Tr. at 4.) Plaintiffs assert that the

---

2   Plaintiffs also move for summary judgment with respect to whether ProHome breached paragraph 4(a), focusing on whether PHI is bound to the Agreement and on ProHome, Inc.'s and PHI's alleged noncompliance with the provisions of 4(a). As the Court noted at the motion hearing, PHI's argument that it is not bound to the Agreement directly contradicts paragraph 9 of the Agreement and statements PHI made to this Court and to the United States District Court for the District of Kansas. The Court therefore rejects PHI's argument. Viewing the evidence in the light most favorable to ProHome, there is no genuine issue of material fact with respect to whether PHI is bound to the Agreement. It is. Because the parties agreed at the motion hearing that the main focus of the parties' motions is the liquidated damages provision of paragraph 4(a), the Court will confine its analysis to that issue and not address whether ProHome breached 4(a). The parties are free to bring a new motion for summary judgment on any issues that remain (and were not addressed by the Court) after this Order.

(Footnote Continued on Next Page)

provision is valid because damages from ProHome's breach are not readily ascertainable and because $5,000 per day is reasonable in light of the Agreement as a whole at the time the parties signed it. In addition, Plaintiffs contend that they have suffered damage to their goodwill and reputation because as new franchisees enter the industry, the public's perception of the industry as a whole falls. According to Plaintiffs, if ProHome has complied with paragraph 4(a), these new franchisees may not have entered the industry thereby preserving Plaintiffs' goodwill. (Pls.' Summ. J. Mem. at 20-22.)

In response, ProHome opposes Plaintiffs' motion and submits its own summary judgment motion on whether the liquidated damages provision is valid.[3] First, ProHome asserts that Plaintiffs' 4(a) claim fails because Plaintiffs cannot establish damages, an essential element of their breach of contract claim. ProHome contends that Plaintiffs have admitted in depositions that they cannot demonstrate that they have suffered any real damage. Second, it asserts that the liquidated damages provision is an unenforceable penalty because the provision is not reasonable in relation to the actual damage, if any,

---

(Footnote Continued From Previous Page)

3   ProHome also seeks summary judgment on Plaintiffs' request for an injunction granting an extension of the de-identification and non-compete provisions of the Agreement. ProHome asserts that "where a contract clearly defines the nature and scope of damages to be awarded for a breach thereof, other potential remedies are precluded." (ProHome's Summ. J. Mem. at 7). Interestingly, ProHome juxtaposes this argument with its argument that the Agreement's damages provision is unenforceable. Nevertheless, while the Court is inclined to agree with ProHome that Plaintiffs' request for injunctive relief fails, that issue alone is not appropriate for summary judgment. Therefore, the Court denies ProHome's motion for summary judgment with respect to this issue.

Plaintiffs' have suffered.[4]  (Tr. at 25; ProHome's Summ. J. Mem. at 8-10.)

The term "liquidated damages" signifies the amount that parties to a contract stipulate and agree, when the contract is entered into, shall be paid in case of a breach. *Schutt Realty Co. v. Mullowney*, 10 N.W.2d 273, 276 (Minn. 1943).  It is well settled that parties to a contract may make such a stipulation, provided it complies with applicable state law.  *See Dean Van Horn Consulting Assoc., Inc. v. Wold*, 367 N.W.2d 556, 559-60 (Minn. Ct. App. 1985).  Under Minnesota law, a liquidated damages clause is enforceable if (1) the fixed amount is a reasonable forecast of just compensation for the harm caused by the breach and (2) the harm either cannot be or is very difficult to accurately estimate. *Gorco Constr. Co. v. Stein*, 99 N.W.2d 69, 74 (Minn. 1959).

---

4   To support this argument, ProHome primarily relies on *Leonard v. Northwest Airlines, Inc.*, 605 N.W.2d 425, 431 (Minn. Ct. App. 2000), for its position that the parties' intent is irrelevant in construing a liquidated damages clause.  ProHome's reliance on *Leonard* is misplaced because that case did not specifically address the issue that is before the Court. Rather, in that case, an airline passenger asserted that a $75 ticket reissue fee was actually a liquidated damages clause that was unenforceable as a penalty.  *Id.* at 428.  The *Leonard* court addressed whether the Airline Deregulation Act preempted the passenger's claim because it constituted an enactment or enforcement of state law.  *Id*. at 431.  The court concluded that the claim was preempted because it sought to enforce state law against unenforceable penalties, as opposed to private rights governed by contract.  *Id*.  In reaching that conclusion, the court briefly summarized the law concerning liquidated damages and noted that "the parties' bargain is irrelevant . . . and often is frustrated by its application."  *Id*.  The Court supported its statement about the parties' intent by citing E. Allan Farnsworth, Contracts, § 12.18 (1982) and John D. Calamari & Joseph M. Perillo, Contracts, 564-65 (1977).  *Id*.  Those authorities summarize the law concerning liquidated damages and explain that today, when determining whether a liquidated damages clause is valid, the primary focus is on whether the clause is a "reasonable pre-estimate of the probable loss," with a minor focus on whether damages are difficult to estimate and the parties' intent.  John D. Calamari & Joseph M. Perillo, Contracts, 565 (1977); *see also* E.

(Footnote Continued on Next Page)

Liquidated damages clauses function best when damages contemplated include items such as goodwill and loss of profits, which can be difficult to evaluate; therefore, the difficulty of proving damages is an important factor in determining whether the provision in a contract is a penalty. *Meuwissen v. H.E. Westerman Lumber Co.*, 16 N.W.2d 546, 550 (Minn. 1944). "It is not of controlling importance, where the actual damages are doubtful, speculative, and difficult of proof, that the amount stipulated is much larger than the apparent actual injury and loss." *Id*. Moreover, "[t]he rule is well settled that a contract provision for liquidated damages can be enforced without proving actual damages as long as the amount stated is reasonable." *Willgohs v. Buerman*, 115 N.W.2d 59, 62 (Minn. 1962).

The reasonableness of a liquidated damages provision is analyzed on the basis of the facts known to the parties at the time the contract was made. Specifically, the language of the contract itself must be examined as well as the facts and circumstances under which the contract was made. *E.D.S. Const. Co. v. North End Health Center, Inc.*, 412 N.W.2d 783, 786 (Minn. Ct. App. 1987); Samuel Williston, *Williston on Contracts*, §§ 65.17, 65.29 (2002) (discussing when reasonableness is evaluated and explaining that factual issues surrounding the making of a contract must be evaluated in determining whether a liquidated damages clause is enforceable).

---

(Footnote Continued From Previous Page)
Allan Farnsworth, Contracts, § 12.18 (1982).

Here, Plaintiffs explain that the parties added the liquidated damages provision to the Agreement because they both agreed that any breach by any party would result in lost profits and loss of goodwill, both of which are difficult to prove. According to Plaintiffs, at the time the Agreement was made, ProHome suggested and requested the inclusion of $5,000 per day as a reasonable forecast of probable damage resulting from a breach of the Agreement. (Tr. at 17.) Plaintiffs do not, however, offer evidence to support these assertions; instead, they ask to supplement the record with testimony from their attorney who helped draft the Agreement. (Plf.' Summ. J. Mem. at 20, n.5; Tr. at 17-18.)

ProHome does not respond to Plaintiffs' argument; instead, it focuses on whether the provision is reasonable today, as opposed to when the Agreement was made. Specifically, ProHome's main argument is that Plaintiffs' alleged loss is not proportionate to the actual damages, if any, Plaintiffs have incurred as a result of ProHome's breach. ProHome's argument fails, however, because "a court should not dismiss a reasonable liquidated damages agreement merely because hindsight shows that the agreement contained an inaccurate estimation of probable loss." *Winthrop Resources Corp. v. Eaton Hydraulics, Inc.*, Civil No. 01-649 (DSD/JMM), Doc. No. 58 (D. Minn. Feb. 21, 2003), *affirmed*, 361 F.3d 465, 472-73 (8th Cir. 2004).

Paragraph 4(a)'s liquidated damages clause—entered into by sophisticated parties, drafted by counsel, and approved by the Court—is unambiguous. Presently, however, there are no facts in the record about the drafting of the Agreement, who added the liquidated damages provision, and why the clause was added. Given this, genuine issues of material

9

fact exist as to whether the liquidated damages clause was reasonable at the time the parties entered into the Agreement. Therefore, the Court denies Plaintiffs' and ProHome's motions with respect to this issue.

## CONCLUSION

This Order does not resolve many procedural issues related to this action, including, but not limited to, the status of Plaintiffs' 3(b),[5] unclean hands, injunctive relief, and attorney fee claims; the status of Defendants' counterclaims; Plaintiffs' Motion to Amend the Complaint;[6] amendments to the scheduling order for any additional motions for summary judgment and/or a new trial ready date; which issues are to be tried to the jury and which issues are to be decided by the Court; and who bears the burden of proof on those issues.

For this reason, the parties are directed to meet and confer to discuss all remaining

---

5       Plaintiffs stated that they would drop their 3(b) claim rather than go through the expense of trial, if they succeed on their 4(a) claim. (Tr. at 14.)

6       Plaintiffs seek to amend the Complaint for the third time to add allegations relating to uniform offering circulars ("UFOC") that were filed in Wisconsin and California and uncovered during discovery. ProHome opposes the amendment, asserting that it would be unfair to allow Plaintiffs to amend after discovery has closed. It also notes that the California UFOC was filed after the Agreement's cut-off date and that the Wisconsin UFOC was filed only 13 days before the Agreement's cut-off date. Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This issue was not addressed at the motion hearing, and the parties did not devote substantial time to it in their memoranda. For this reason, the Court denies the motion at this time and instructs Plaintiffs to raise the issue with the Court in the telephone conference.

issues in this matter. Then, within two weeks from the date of this Order, the parties shall submit a joint letter to the Court, outlining (1) any agreements the parties have reached to resolve procedural and substantive issues; (2) outstanding issues that need to be resolved by the Court prior to trial; (3) the parties' respective positions on those outstanding issues; and (4) the exact issues to be tried to the Court and/or jury, who has the burden of proof on those issues, and if the trial should be bifurcated. The Court will then schedule a telephone conference to resolve the topics outlined in the parties' letter.

       The Court strongly believes that it is in the parties' best interests to negotiate a resolution of this dispute. If the parties wish to schedule a settlement conference with the magistrate judge, they should contact Kathy Thobe, Calendar Clerk for Magistrate Judge Arthur J. Boylan, at 651-848-1210. If the Court can be of any assistance in this matter, the parties should contact Lowell Lindquist, Calendar Clerk for Judge Donovan W. Frank, at 651-848-1296.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. Home Owners Management Services, Inc., and Charles and Tracey Gundersen, individually; Northern California ProHome, Inc. and Brenda P. Roberts, individually; ProHome of North Texas, LLC and Kim D. Jackson, individually; TMP and Associates, Inc. and Michael Connor, individually; The Warranty Team, LLC and Karen Erny and James Kuhn, individually; Professional Home Warranty Services, Inc. and Ronaye Boyle and Irving Blank, individually; New Home Warranty Management, Inc. and Steve Vining and Peter Greenwood, individually's Motion for Partial Summary Judgment and to Amend the Complaint to Add Counts of Liability Liquidated Damages and Attorney Fees for Violations of the Settlement Agreement in the States of California and Wisconsin (Doc. Nos. 68 and 72) is **DENIED**.

2. ProHome International, LLC, Pro Home, Inc., and Jack H. Salmans, Susan E. Salmans, and Larry W. Johnson, individually's Motion for Summary Judgment (Doc. No. 70) is **DENIED**.

3. As described above, within two weeks of the date of this Order, the parties shall submit a joint letter to the Court.

Dated: October 3, 2006          s/Donovan W. Frank
                                DONOVAN W. FRANK
                                Judge of United States District Court