UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Home Owners Management Services, Inc. and Charles and Tracey Gundersen, individually; Northern California ProHome, Inc. and Brenda P. Roberts, individually; ProHome of North Texas, LLC and Kim D. Jackson, individually; TMP and Associates, Inc. and Michael Connor, individually; The Warranty Team, LLC and Karen Erny and James Kuhn, individually; Professional Home Warranty Services, Inc. and Ronaye Boyle and Irving Blank, individually; New Home Warranty Management, Inc. and Steve Vining and Peter Greenwood, individually, | Civil No. 04-2905 (DWF/AJB) |
| Plaintiffs and Counter-Defendants, | |
| v. | **ORDER** |
| ProHome International, LLC; Pro Home, Inc.; and Jack H. Salmans, Susan E. Salmans, and Larry W. Johnson, individually, | |
| Defendants and Counter-Claimants. | |

_____

Marc G. Kurzman, Esq., Kurzman, Grant & Ojala, counsel for Plaintiffs and Counter-Defendants.

Amy Fellows Cline, Esq., James A. Walker, Esq., and Jerald W. Rogers, Esq., Triplett, Woolf & Garretson, LLC, and Peter J. Gleekel, Esq., Winthrop & Weinstine, PA, counsel for Defendants and Counter-Claimants.

_____

Plaintiffs request permission from this Court pursuant to Local Rule 7.1(g) to file a

Motion to Reconsider the Court's October 3, 2006 Order. That Order denied Plaintiffs'

and ProHome's cross motions for summary judgment because it concluded that genuine

issues of material fact exist as to whether the liquidated damages clause was reasonable at the time the parties entered into the Agreement.

Plaintiffs seek to file a motion to reconsider to supplement the record with the Affidavit of Robert C. Moilanen, Plaintiffs' former attorney who participated in drafting the Agreement. In essence, Plaintiffs assert that the affidavit will establish uncontested facts concerning the drafting of the Agreement, which would allow them to succeed on their motion for summary judgment. In response, ProHome opposes Plaintiffs' request for two reasons. First, it argues that the affidavit is inadmissible because the Agreement is unambiguous[1] and second, it asserts that, if admitted, the affidavit establishes that there are fact-intensive issues that preclude summary judgment.

Pursuant to Local Rule 7.1(g), a request for leave to file a motion for reconsideration will only be granted upon a showing of "compelling circumstances." A motion to reconsider should not be employed to relitigate old issues but to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. United States Dept. of Agriculture*, 838 F. Supp. 1346, 1348 (D. Minn. 1993). Here, Plaintiffs' attempt to supplement the record is an attempt to relitigate old issues. Plaintiffs have presented no compelling circumstances to explain why Moilanen's

---

1   The Court has made no determination about whether the Agreement is ambiguous or not, and it refers the parties to its discussion in the October 3, 2006 Order concerning how liquidated damage clauses are analyzed. Moreover, it notes that ProHome's reference to *Winthrop Resources Corp. v. Eaton Hydraulics, Inc.*, 361 F.3d 465, 470 (8th Cir. 2004) is not specifically a part of the liquidated damages discussion of that opinion.
(Footnote Continued on Next Page)

testimony was not presented at the summary judgment stage.  Given this, the Court denies Plaintiffs' request.

In the October 3, 2006 Order, the Court asked the parties to meet and confer about outstanding procedural issues.  It is the Court's understanding that the parties have come to no agreement with respect to those issues, that the trial-ready-date in this case was December 1, 2006, and that the parties estimate that the trial will be no longer than five days.  Given this, the Court is setting the trial in this matter for Monday, February 19, 2007 at 9:00 a.m., and is scheduling an early pretrial conference for Tuesday, January 30, 2007 at 1:00 p.m.  A more detailed pretrial order will be forthcoming.

In the interim, the Court encourages the parties to meet and confer in an attempt to resolve the outstanding procedural issues.  Again, the Court strongly believes that it is in the parties' best interests to negotiate a resolution of this dispute.  If the parties wish to schedule an early settlement conference with the magistrate judge, they should contact Kathy Thobe, Calendar Clerk for Magistrate Judge Arthur J. Boylan, at 651-848-1210.  If the Court can be of any assistance in this matter, the parties should contact Lowell Lindquist, Calendar Clerk for Judge Donovan W. Frank, at 651-848-1296.

Accordingly, **IT IS HEREBY ORDERED THAT:**

---

(Footnote Continued From Previous Page)

1. Plaintiffs' Request for Leave to File a Motion to Reconsider (Doc. No. 105) is **DENIED**.

2. The trial in the above-entitled matter will commence on Monday, February 19, 2007 at 9:00 a.m. Trial will occur at the interim courthouse located at 180 East 5th Street, 7th Floor, St. Paul, Minnesota 55101.

3. A pretrial conference will be held on Tuesday, January 30, 2007 at 1:00 p.m. in the interim courthouse located at 180 East 5th Street, 7th Floor, St. Paul, Minnesota 55101.

Dated: December 6, 2006            s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   Judge of United States District Court